# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| WESLEY JOHNSON, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:07-CV-51 (CDL) |
| | | 42 U.S.C. § 1983 |
| MUSCOGEE COUNTY JAIL, | * | |
| Defendant. | * | |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION
## AND RECOMMENDATION OF DISMISSAL

Plaintiff, Wesley Johnson, presently an inmate at the Muscogee County Jail in Columbus, Georgia, has filed the above styled Section 1983 action against the named Defendant. He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

In any event, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## **Preliminary Review**

Plaintiff's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit.:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seek redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U. S. C. § 1915 (e) (2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.

*Neitzke v. Williams,* 490 U.S. 319 (1989).

## Facts & Analysis

In his complaint, Plaintiff alleges that the living conditions at the Muscogee County Jail are "unsafe, harmful and hazardous." Plaintiff Johnson seeks relief for pain and suffering and emotional distress as well as punitive damages.

When a pro se prisoner seeks monetary damages for mental or emotional injury, he must allege a physical injury. 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature. *Harris v. Garner*, 216 F. 3d 970, 984-85 (11th Cir. 2000). The Eleventh Circuit also held that the requisite physical injury needed to satisfy 1997e and sustain damages must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286(11th Cir.2000). A guide for determining the types of injuries that surmount the *de minimis* physical injury bar has been described as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower, (cite omitted),* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable

3

> at home and with over-the-counter drugs, heating pads, rest, etc.,
> do not fall within the parameters of 1997e(e)."

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997).

In the current case, Plaintiff has alleged no injury, but merely alleges that the conditions of his current place of incarceration are hazardous. Thus, Plaintiff has failed to plead the type of physical injury required to pursue his claims. Plaintiff's Complaint is, therefore, legally and factually frivolous and fails to state a cause of action under 42 U.S.C. § 1983, pursuant to 42 U.S.C. § 1997e(e).

THEREFORE, IT IS RECOMMENDED that Plaintiff's Complaint be DISMISSED as legally frivolous and failing to state a cause of action upon which this court might grant relief. Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of April, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw